# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1545V
(not to be published)

| | |
|---|---|
| MEI H. LI,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 24, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Timothy James Lessman*, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.

*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 3, 2019, Mei Li filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barré syndrome as a result of an influenza vaccine she received on October 17, 2016. (Petition at 1). On January 19, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 36).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 16, 2022 (ECF No. 41), requesting a total award of $35,749.20 (representing $19,148.95 in fees and $16,600.25 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 41-4.)  Respondent reacted to the motion on March 17, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 42). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests compensation for attorney Timothy Lessman at the rate of $317 per hour for time billed from 2019-22. (ECF No. 41-4). This requested rate is reasonable and consistent with what has previously been awarded for work performed by Mr. Lessman, and will therefore be awarded.

## ATTORNEY COSTS

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed.Cir.1994); *Preseault v. United States,* 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.,* No. 10-0243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $16,600.25 in attorney's costs that include expenses associated with travel, medical records, postage, and expert costs. (ECF No. 41-7). However, upon review of the receipts submitted, I find numerous issues regarding counsel's travel to meet with Petitioner from August 12 – 15, 2021.

Receipts for travel expenses are for costs incurred by Mr. Lessman, and a second individual identified as Patricia Lessman.[3] (*Id.* at 19 - 20). Mr. Lessman billed time for his travel to Florida for a meeting with Petitioner on August 12 - 13, 2021, and for his return travel on August 15, 2021. (ECF No. 41-5 at 3). Mr. Lessman extended his stay in Florida for an additional two days, billing no time working on Petitioner's case, but requests reimbursement for costs incurred for the additional hotel stay, extended rental car days and meals incurred during this time.

Previously, special masters have denied reimbursement for travel costs where a petitioner or counsel traveled unnecessarily early to a hearing in advance of the

---

[3] The request for reimbursement for any costs incurred for counsel's guest, Patricia Lessman are not reimbursable by this Court as Ms. Lessman is not an attorney associated with this case or an expert hired to consult.

3

argument. *See*, e.g., *Gramza v. Sec'y of Health & Hum. Servs.*, No. 15-247V, 2017 WL 3574794, at *5 (Fed. Cl. Spec. Mstr. June 28, 2017) (declining to reimburse full amount of costs personally incurred by the petitioner when she and her family traveled to Washington, DC three days prior to the scheduled hearing). Such determinations have been upheld on appeal. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 732 (2011) (upholding special master's determination that it was unnecessary for petitioner's counsel to travel two days before the argument, despite traveling from a different time zone).

Similarly, Petitioner's requests for costs for the extension of Mr. Lessman's stay where no work was performed will not be reimbursed. Costs that are considered reimbursable by the Program include standard airfare (not to include first-class or upgrades); reasonable hotel charges (not to include suites, upgrades, or stays on days in which no time is billed); costs for standard rental cars; and reasonable meal costs (not to include alcohol or meals for parties that are not for counsel or Petitioner). But the Program is not responsible for reimbursing an extended visit for counsel or individuals that are not associated with these proceedings. Accordingly, costs associated with counsel's extended stay for himself and his guest - which include the additional two nights hotel stay on August 12 – 13, 2021, the flight for Ms. Lessman, two days of parking garage parking, and the additional two days of meal charges – were not reasonably incurred and will be disallowed.

Additionally, the costs incurred by Mr. Lessman for his rental car also warrant a deduction in the total award. Mr. Lessman elected to rent a Tesla, which is considered a luxury vehicle, incurring a rental charge of $708.79. (ECF No. 41-7 at 22-23). Although the Vaccine Program allows for a reasonable reimbursement of rental vehicle charges, a rental of any luxury vehicle or use of a luxury vehicle service exceeds what is appropriate for the Program. Special masters have reduced or denied costs for unnecessarily excessive vehicle rentals or services. *See,* e.g., *Wright v. Sec'y of Health & Hum. Servs.,* No. 12-0423V, 2018 WL 7051676, at *6 (Fed. Cl. Spec. Mstr. Dec. 10, 2018); *Digerolamo v. Sec'y of Health & Hum. Serv.,* No. 16-0920V, 2019 WL 4305792, at *7 (Fed. Cl. Spec. Mstr. Jun. 28, 2019); *Spivey v. Sec'y of Health & Hum. Serv.,* No. 18-0959V, 2019 WL 7580151, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); *Lepper v. Sec'y of Health & Hum. Servs.,* No. 18-0984V, 2019 WL 7580152, at *3 (Fed. Cl. Spec. Mstr. Dec. 12, 2019).

I find all of the specific costs discussed to be unreasonable and deny them in full (while allowing those not addressed). This will reduce Petitioner's award by **$2,183.27**.[4]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$33,565.93** (representing $19,148.95 in fees and $14,416.98 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

                                            **s/Brian H. Corcoran**
                                            Brian H. Corcoran
                                            Chief Special Master

---

[4] This amount consists of two nights hotel stay at $230.63 per night ($691.89 for 3 nights); flight costs of $778.90 ($1,557.79 for 2 people); rental car charges of $708.79; 2 days of parking at $34.67 per day ($104.00 for 3 days); one meal at $104.60 and one meal at $60.38. (ECF No. 41-7 at 19 – 21).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncincg their right to seek review.